UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.

MATHEW PAOLUCCI,

    Plaintiff,

vs.

ATLAS RELOCATION, LLC d/b/a
INDEPENDENCE VAN LINES and
US HOUSEHOLD MOVING AND STORAGE, LLC,
Florida corporations

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATHEW PAOLUCCI, on behalf of himself and all others similarly situated, sues Defendants, ATLAS RELOCATION, LLC d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC, and states as follows:

1. Plaintiff, MATHEW PAOLUCCI, is a former employee of Defendants, ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC, and brings this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq..

2. Plaintiff, MATHEW PAOLUCCI, is a resident of Broward County, Florida, and within the jurisdiction of this Honorable Court.

3. Defendant, ATLAS RELOCATION, LLC d/b/a INDEPENDENCE VAN LINES is a corporation organized and existing under the laws of the State of Florida, doing business in Broward, Florida, and within the jurisdiction of this Court.

4. Defendant, US HOUSEHOLD MOVING AND STORAGE, LLC is a corporation

organized and existing under the laws of the State of Florida, doing business in Broward, Florida, and within the jurisdiction of this Court.

5. This action is brought to recover from Defendants, ATLAS RELOCATION, LLC d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC, unpaid overtime wages, as well as an additional amount in liquidated damages, costs, and reasonable attorney's fees under the provisions of Title 29 U.S.C. §201 et. seq., and specifically under the provisions of 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, and by Title 29 U.S.C. § 216(b).

7. Defendant, ATLAS RELOCATION LLC d/b/a INDEPENDENCE VAN LINES, was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant, ATLAS RELOCATION, LLC d/b/a INDEPENDENCE VAN LINES, owned and operated a company that provides local and long distance moving services.

8. Defendant, US HOUSEHOLD MOVING, LLC, was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant, US HOUSEHOLD MOVING, LLC, owned and operated a company that provides local and long distance moving services.

9. It is believed that the gross annual revenue of Defendant, ATLAS RELOCATION, LLC d/b/a INDEPENDENCE VAN LINES, was at all times material hereto in excess of $500,000 per annum.

10. It is believed that the gross annual revenue of Defendant, US HOUSEHOLD MOVING, LLC, was at all times material hereto in excess of $500,000 per annum.

11. By reason of the foregoing, Defendant, ATLAS RELOCATION, LLC, d/b/a

INDEPENDENCE VAN LINES, was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12. By reason of the foregoing, Defendant, US HOUSEHOLD MOVING AND STORAGE, LLC, was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

13. From May 2018 through March 2019, Plaintiff, MATHEW PAOLUCCI, was employed by Defendants as a Sales Representative and as Quality Assurance. By reason of such employment Plaintiff, MATHEW PAOLUCCI, was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business activities in interstate commerce by Defendants, ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN Lines and US HOUSEHOLD MOVING AND STORAGE, LLC, which was directly essential to the business performed by Defendants. Plaintiff, by virtue of his activities, was engaged in commerce.

14. At all times material hereto, Defendant failed to comply with the Act, in that Plaintiff performed services for Defendants, but no provision was made by Defendants to properly compensate Plaintiff time and one-half for hours worked in excess of forty (40) hours per work week.

15. Plaintiff's employment with Defendants provided for compensation on an improperly salaried basis plus commission. Plaintiff was not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week.

16. In the course of his employment with Defendants, Plaintiff worked the number of hours required of them, but was not paid time and one-half their regular rate of pay for all hours

worked in excess of forty (40) hours per work week. Specifically, Plaintiff's work schedule provided that he work 10:00 am to 7:00 pm four days per week and Noon to 9:00 pm two days per week, with no lunch break.

17. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and former employees and the compensation actually paid to such employees are in the possession, custody, and control of Defendant.

## COUNT I
## RECOVERY OF OVERTIME WAGES

18. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. Plaintiff, MATHEW PAOLUCCI, is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees by reason of the said intentional, willful and unlawful acts of Defendants ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC.

21. Defendants, ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC.'s, failure to pay Plaintiff in accordance with the Act was not based on reasonable grounds and was not in good faith.

22. As a result of Defendants, ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC., lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

WHEREFORE, for all work weeks beginning on or after March 1, 2018, Plaintiff demand

judgment against Defendants ATLAS RELOCATION, LLC, d/b/a INDEPENDENCE VAN LINES and US HOUSEHOLD MOVING AND STORAGE, LLC. for the wages and overtime compensation due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, MATHEW PAOLUCCI, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully Submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue
Suite 300
Miami, Florida 33146
Telephone: (305) 740-9600
Facsimile: (305) 740-9202
E-mail: tgvaldes@aol.com

Dated June 18, 2019

Teri Guttman Valdes
Florida Bar No. 0010741